UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SHANNON LANCE REED,** | ) |
| Plaintiff, | ) Case No. 3:12-cv-01090-SI |
| v. | ) **OPINION AND ORDER** |
| **CAROLYN W. COLVIN,**[1] | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

Merrill Schneider, Schneider Kerr Law Offices, P.O. Box 14490, Portland, OR 97293.  Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; Brett E. Eckelberg, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075.  Attorneys for Defendant.

---

[1] After the filing of the Complaint in this case, the term of Michael J. Astrue, the originally named defendant Commissioner of Social Security, expired and, thus, the name of the current acting Commissioner has been substituted in the caption.

**Michael H. Simon, District Judge**.

Shannon Reed seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Social Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Because the Commissioner's decision is supported by substantial evidence, the decision is AFFIRMED.

## I.    BACKGROUND

### A. The Application

Mr. Reed is a 48 year-old man with a modified high school diploma. Tr. 42, 79. He has past work experience as a plastics grinder, dishwasher, and baggage handler. Tr. 275. Mr. Reed filed applications for SSI and DIB on April 5, 2006, alleging disability due to a left shoulder injury, foot pain, depression, borderline diabetes, shortness of breath, learning disability, and sleep apnea. Tr. 251. The Commissioner denied his application initially and upon reconsideration, and he requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 140. After an administrative hearing, held on November 26, 2008, the ALJ found Mr. Reed not to be disabled. Tr. 140-50. Upon Mr. Reed's request for review, the Appeals Council remanded the case to the ALJ. Tr. 151-54. After a remand hearing held on July 21, 2010, the ALJ again denied Mr. Reed's claims on August 5, 2010. Tr. 43. The Appeals Council denied Mr. Reed's subsequent request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-6. Mr. Reed now seeks judicial review of that decision.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42

U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" only if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

Page 3 – OPINION AND ORDER

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

See also *Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ performed the sequential analysis. At step one, the ALJ found that Mr. Reed had not engaged in substantial gainful activity since April 4, 2006. Tr. 33. At step two, the ALJ concluded that Mr. Reed had the following severe impairments: sleep apnea, learning disorder, history of left shoulder strain, obesity, diabetes mellitus, and history of depression. *Id.* At step

three, the ALJ determined that Mr. Reed did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 34.

The ALJ next assessed Mr. Reed's residual functional capacity ("RFC") and found that although Mr. Reed could physically perform the full range of light work, he was limited to simple, routine, repetitive work, he should work alone, and he should not have public contact due to his mental impairments. Tr. 37-41. At step four, the ALJ found that Mr. Reed was unable to perform any past relevant work. Tr. 42. At step five, based on the testimony of a vocational expert ("VE"), the ALJ concluded that Mr. Reed could perform jobs that exist in significant numbers in the national economy, including small products assembler, plastic industry extruder, and janitor. Tr. 43. The ALJ thus found that Mr. Reed was not disabled. *Id.*

## II.    STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

"However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotations omitted)). The reviewing court may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

### III. DISCUSSION

Mr. Reed argues that the ALJ erred by failing to include the finding by State Agency Physician Neal Berner, M.D. that Mr. Reed was limited to standing and/or walking "at least 2 hours in an 8-hour workday" in his hypothetical to the VE. The Court finds that the ALJ's decision was supported by substantial evidence in the record and affirms the Commissioner's decision.

Mr. Reed argues that the ALJ improperly ignored Dr. Berner's opinion that Mr. Reed is limited to standing and/or walking for "at least 2 hours in an 8-hour day." Pl. Br. 9; Tr. 487. The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).

If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific, legitimate reasons" for discrediting the treating doctor's opinion.

Page 6 – OPINION AND ORDER

*Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).  In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician.  *Lester*, 81 F.3d at 830.  As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician.  *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990).  If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion.  *Lester*, 81 F.3d at 830.  Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews*, 53 F.3d at 1034.  It is legal error to ignore an examining physician's medical opinion without providing reasons for doing so.  *Weaver v. Chater*, 67 F.3d 310, at *1 (9th Cir. 1995) (unpublished) ("The ALJ appeared to simply ignore the medical opinions of the treating and examining physicians . . . . He gave no reason for doing so; he simply did it. That is a legal error.").

Based on his review of the medical record, Dr. Berner completed a Physical Residual Functional Capacity ("PRFC") questionnaire on May 25, 2006. Tr. 486-93. In his evaluation of Mr. Reed's physical functionality, Dr. Berner opined that Mr. Reed had physical abilities and limitations that permitted Mr. Reed to stand or walk "at least 2 hours in an 8-hour workday" but not as many as 6 hours.[2] Tr. 487. Dr. Berner also found that Mr. Reed could sit, with normal breaks, for a total of "about 6 hours in an 8-hour workday." *Id*. In other words, Dr. Berner found

---

[2] This opinion was rendered in the form of a checked box on the PRFC questionnaire. Dr. Berner did *not* check the box that limited Mr. Reed's standing or walking to "less than 2 hours in an 8-hour workday," but nor did Dr. Berner check the box stating that Mr. Reed could stand or walk "about 6 hours in an 8-hour workday." Tr. 487.

Page 7 – OPINION AND ORDER

that Mr. Reed could stand or walk for at least two hours in an 8-hour workday and sit for the remaining six.

The ALJ determined that Mr. Reed is physically capable of performing light work. Tr. 37. To the extent that Dr. Berner's assessment conflicts with this finding, Dr. Berner's opinion was contradicted by medical evidence in the record. For example, consultative physician Martin Kehrli, M.D., opined that Mr. Reed was physically capable of performing light work. Tr. 844. If these two opinions are in conflict, and it is far from clear that they are, the ALJ would have been required to provide specific, legitimate reasons for discounting Dr. Berner's opinion that Mr. Reed's limitations allowed him to stand or walk "at least 2 hours in an 8-hour workday" but not more than 6 hours. *See Lester*, 81 F.3d at 830-31.

The Commissioner concedes that the ALJ simply failed to note Dr. Berner's opinion. Thus, to the extent that the opinion of Dr. Berner is in conflict with the opinion of Dr. Kehrli, because the ALJ failed to provide specific, legitimate reasons for discounting Dr. Berner's opinion, the ALJ would have committed legal error. Def. Br. 3; *Weaver*, 67 F.3d 310, at *1. The Commissioner argues, however, that such an error by the ALJ would have been harmless because substantial evidence nevertheless supports the ALJ's determination that Mr. Reed was physically capable of performing light work.

An ALJ's error is harmless where it is inconsequential to the ultimate determination of nondisability. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The Ninth Circuit has repeatedly deemed a legal error to be harmless where it was clear that the error did not alter the substance of the ALJ's decision. *See, e.g., Brawner v. Sec. Health & Human Serv's.*, 839 F.2d 432, 434 (9th Cir. 1988) (holding the ALJ's error in classifying claimant's past relevant work as "light" was inconsequential where the record otherwise supported the ALJ's determination that

Page 8 – OPINION AND ORDER

the claimant was able to perform other light work and therefore was not disabled); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (holding that even if the ALJ erred in failing to mention to the vocational expert that the claimant was unable to remain in one position, the error was harmless because the claimant had not shown that he was unable to return to his previous job which involved a combination of sitting and standing). The Ninth Circuit also stated in *Batson* that "an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" 359 F.3d at 1197 (holding an error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but otherwise provided valid reasons that were supported by substantial evidence); *see also Carmickle*, 533 F.3d at 1162 (same).

Here, substantial evidence in the record supports the ALJ's conclusion that Mr. Reed is physically capable of performing light work.[3] First, the ALJ gave "great weight" to the opinion of Mr. Reed's treating physical therapist, Lawrence Andes, P.T., who was supervised by an attending physician, Dr. Steven Andersen.[4] Tr. 39-40. In August 2006, Mr. Andes opined that

---

[3] The Regulations define "light work" as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b); *see also* Social Security Ruling ("SSR") 83-10, at *6 (noting that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday).

[4] Because he worked under the supervision of a medical doctor, Mr. Andes was an acceptable medical source. *See Taylor v. Comm'r*, 659 F.3d 1228, 1234 (9th Cir. 2011) (holding

Page 9 – OPINION AND ORDER

Mr. Reed could physically perform full-time work in the light to medium physical demand category. Tr. 878-80. This assessment is more recent than Dr. Berner's opinion, and a treating physician's most recent medical reports are highly probative. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

Second, the ALJ credited Dr. Kehrli's opinion that Mr. Reed can perform light work. Tr. 40, 844. Dr. Kehrli's opinion was issued in October 2006, and it is also more recent than Dr. Berner's opinion. *Id*. Third, the ALJ cited treatment records from August 2007 through November 2009, revealing Mr. Reed's knee pain had been successfully treated with conservative measures, such as over-the-counter medication, physical therapy, and pool therapy. Tr. 39, 1232, 1253, 1259, 1261, 1322. Fourth, the ALJ noted Mr. Reed made long bicycle rides in May and July 2006, including trips from Portland, Oregon to Vancouver, Washington, and to Silverton, Oregon. Tr. 39, 514, 517. The record thus supports the ALJ's conclusion that Mr. Reed is physically capable of performing light work. Dr. Berner's opinion was inconsistent with the record as a whole, and should have been accorded little weight. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (a medical opinion that is inconsistent with the record as a whole is accorded less weight).

In sum, substantial evidence in the record supports the ALJ's conclusion that Mr. Reed was capable of performing light work, despite the ALJ's erroneous statement that *both* State Agency physicians, rather than only one, opined that Mr. Reed was capable of performing light work. *See Carmickle*, 533 F.3d at 1162 (a single erroneous basis for an ALJ's determination is harmless error if valid reasons supporting that determination remain). The ALJ's failure to discuss Dr. Berner's controverted opinion and provide specific, legitimate reasons for rejecting it

---

the opinion of an "other medical source" should be considered that of an "acceptable medical source" because she was working closely with, and under supervision of, a medical doctor).

is therefore harmless error and not a basis for reversal. *See Molina*, 674 F.3d at 1115 (holding an ALJ's error is harmless where it is inconsequential to the ultimate determination of nondisability).

## IV. CONCLUSION

Although the ALJ may have committed error by ignoring Mr. Berner's opinion that Mr. Reed's limitations allow him to stand or walk for "at least 2 hours in an 8-hour day" but not up to 6 hours, such error, if it is error, would be harmless. The Commissioner's decision that Mr. Reed is capable of performing light work was supported by substantial evidence in the record, and it is therefore AFFIRMED.

DATED this 3rd day of June, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge